**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PRESIDIO HOLDINGS INC., PRESIDIO NETWORKED SOLUTIONS LLC, AND PRESIDIO NETWORKED SOLUTIONS GROUP, LLC, | ) ) ) ) ) ) | Case No. 24-cv-2912 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| PEOPLE DRIVEN TECHNOLOGY, INC., PAUL BREHM, STEVEN KUNDERT, AND ANGELA SPLINTER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**People Driven Technology, Inc., Paul Brehm, and Steven
Kundert's Memorandum in Support of Motion to Dismiss
for Lack of Personal Jurisdiction**

## <u>Table of Contents</u>

<u>Page</u>

Introduction ................................................................................................... 1

Statement of Facts........................................................................................... 1

Argument ......................................................................................................... 3

I.     Legal Standards ....................................................................................... 3

II.    Illinois lacks personal jurisdiction over PDT, Mr. Brehm, and
Mr. Kundert. ........................................................................................... 4

        A.    PDT, Mr. Brehm, and Mr. Kundert are not subject to
general jurisdiction in Illinois................................................ 5

        B.    PDT, Mr. Brehm, and Mr. Kundert are not subject to
specific jurisdiction in Illinois. ............................................. 6

             1.    PDT ........................................................................... 7

             2.    Mr. Brehm and Mr. Kundert do not have the
requisite minimum contacts with Illinois................... 9

Conclusion................................................................................................... 11

## Index of Authorities

**Page**

**Cases**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,*
  751 F.3d 796 (7th Cir. 2014) ......................................................................... 6

*Aon plc v. Infinite Equity, Inc.,*
  No. 19-CV-07504, 2021 WL 4034068
  (N.D. Ill. Sept. 3, 2021) ............................................................................. 10

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) .......................................................................... 4, 9, 11

*Curry v. Revolution Lab'ys, LLC,*
  949 F.3d 385 (7th Cir. 2020) ..................................................................... 4, 5

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014) ................................................................................. 5, 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  564 U.S. 915 (2011) ..................................................................................... 5

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310, 316 (1945) ........................................................................... 1, 4

*J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.,*
  965 F.3d 571 (7th Cir. 2020) ....................................................................... 8

*Kinslow v. Pullara,*
  538 F.3d 687 (7th Cir. 2008) ....................................................................... 6

*Kipp v. Ski Enter. Corp. of Wisconsin,*
  783 F.3d 695 (7th Cir. 2015) ..................................................................... 4, 5

*Lexington Ins. v. Hotai Ins.,*
  938 F.3d 874 (7th Cir. 2019) ....................................................................... 7

*NBA Properties, Inc. v. HANWJH,*
  46 F.4th 614 (7th Cir. 2022) ......................................................... 4, 7, 8, 10

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.,*
  338 F.3d 773 (7th Cir. 2003) ....................................................................... 4

*Rogers v. City of Hobart, Indiana,*
  996 F.3d 812 (7th Cir. 2021) ....................................................................... 7

*Sullivan v. Bickler,*
    360 F. Supp. 3d 778 (N.D. Ill. 2019) ........................................................................ 6

*Tamburo v. Dworkin,*
    601 F.3d 693 (7th Cir. 2010) ............................................................................ 5, 9

*uBID, Inc. v. GoDaddy Grp., Inc.,*
    623 F.3d 421 (7th Cir. 2010) ............................................................................ 5, 6

*Walden v. Fiore,*
    571 U.S. 277 (2014) ........................................................................................ 5, 6

**Rules**

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................ 4

## Introduction

A court may exercise personal jurisdiction over an out-of-state defendant only if the defendant has "minimum contacts" with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, People Driven Technology, Inc. ("PDT") is a Michigan corporation headquartered in Byron Center, Michigan. It does not have an office in Illinois, nor does it conduct significant business in Illinois. Paul Brehm and Steven Kundert are Wisconsin residents. Neither reside in Illinois nor conduct significant business in Illinois. And none of the alleged wrongful acts by these defendants occurred in Illinois. As a result, PDT, Mr. Brehm, and Mr. Kundert do not have the requisite minimum contacts with Illinois to satisfy the requirements of personal jurisdiction. This Court should therefore dismiss all of the claims against these three defendants.[1]

## Statement of Facts

***The Lawsuit.*** For all defendants, Plaintiffs' complaint alleges: (1) violations of the Defend Trade Secrets Act; (2) violations of the Illinois Trade Secrets Act; (3) violations of the Wisconsin Uniform Trade Secrets Act; (4) tortious interference with business relationships under Illinois law; and (5) tortious interference with business relationships under Wisconsin law. Presidio also brings a breach of contract claim and breach of fiduciary duty claims under Illinois and Wisconsin law against the

---

[1] A fourth defendant, Angela Splinter, is an Illinois resident. She does not challenge the complaint on personal jurisdiction grounds, but she will challenge it on other grounds under Rule 12.

1

three individual defendants, and a claim for tortious interference with contractual relations against PDT under Illinois law. (*See generally* Compl., Dkt. No. 1).

**PDT.** PDT is a Michigan corporation headquartered in Byron Center, Michigan. (Ex. A, Teipel Dec. ¶ 3). PDT is a value-added reseller of IT products. PDT does not regularly transact business in Illinois (*Id.* ¶ 6) PDT has only two customers in Illinois: Argonne National Laboratories and Tempus (*Id.* ¶ 7) Neither of these customers are related to any of the allegations in Presidio's complaint.

PDT's connection to Illinois is limited to a single remote employee, Angela Splinter, the third individual defendant. (Teipel Dec. ¶ 8). Although Ms. Splinter resides in Illinois, her position with PDT is fully remote. (*Id.* ¶ 8). All of Ms. Splinter's accounts are customers based outside of Illinois. (*Id.* ¶ 8). None of PDT's employees regularly travel to Illinois on business. PDT has held one two-day *internal* business meeting in Illinois because of Chicago's central and convenient location. (*Id.* ¶ 11).

**Paul Brehm.** Mr. Brehm resides in Franksville, Wisconsin. (Compl., Dkt. No. 1, PageID.4, ¶ 14). He does not own any real property in Illinois and is not a resident of Illinois. (Ex. B, Brehm Dec. ¶ 5).

Mr. Brehm is an account executive of PDT. None of Mr. Brehm's PDT accounts are based in Illinois. (Brehm Dec. ¶ 6). Mr. Brehm has not solicited business on behalf of PDT from any Illinois-based potential customers. (*Id.* ¶ 7). Mr. Brehm has traveled to Illinois on PDT-related business only to attend one day of PDT's two-day business meeting held in centrally located Chicago. (*Id.* ¶ 8). Mr. Brehm's single

visit to Chicago for the PDT meeting is unrelated to any of the allegations against Mr. Brehm in the complaint.

Before working for PDT, Mr. Brehm was an account executive at Presidio. While there, he worked in Wisconsin for Wisconsin-based customers. He did not have any customers in Illinois. (Id. ¶ 10).

**Steven Kundert.** Mr. Kundert is a resident of Oconomowoc, Wisconsin. He does not own any real property in Illinois and is not a resident of Illinois. (Ex. C, Kundert Dec. ¶¶ 2-3).

Mr. Kundert is an account executive at PDT. None of Mr. Kundert's PDT accounts are based in Illinois. (Kundert Dec. ¶ 6). Mr. Kundert has not solicited business on behalf of PDT from any Illinois-based potential customers, nor has he conducted any prospecting (*Id*. ¶ 7). Mr. Kundert has never traveled to Illinois on PDT-related business. (*Id*. ¶ 8).

Before working for PDT, Mr. Kundert was an account executive at Presidio. While there, he worked in Wisconsin for Wisconsin-based customers. (*Id*. ¶ 11). He did not have any customers in Illinois. (*Id*.).

<u>**Argument**</u>

## I. **Legal Standards**

"The plaintiff need not include facts alleging personal jurisdiction in the complaint, but 'once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction.'" *Curry v. Revolution*

*Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

"When affidavits regarding the issue of personal jurisdiction are submitted, the district court may weigh the affidavits." *Id.* "However, '[i]n evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Id.* (quoting *Purdue Research*, 338 F.3d at 782).

## II. Illinois lacks personal jurisdiction over PDT, Mr. Brehm, and Mr. Kundert.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 620–21 (7th Cir. 2022) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)). "The Due Process Clause authorizes personal jurisdiction over out-of-state defendants when the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 697–98 (7th Cir. 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"[A] federal court sitting in Illinois may exercise jurisdiction over [the defendants] in this case only if authorized both by Illinois law and by the United States Constitution." *Curry*, 949 F.3d at 393 (citing Fed. R. Civ. P. 4(k)(1)(A)). "[T]he Illinois long-arm statute permits the exercise of jurisdiction to the full extent

4

permitted by the Fourteenth Amendment's Due Process Clause." *Id.* (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). "Thus, the question [the Court] must answer is whether the exercise of personal jurisdiction over the defendants 'comports with the limits imposed by federal due process.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). "Courts recognize two types of personal jurisdiction: general and specific." *Kipp*, 783 F.3d at 697-98 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014)).

### A. PDT, Mr. Brehm, and Mr. Kundert are not subject to general jurisdiction in Illinois.

Illinois may not exercise general jurisdiction over PDT, Mr. Brehm, and Mr. Kundert. Presidio does not allege otherwise.

"General jurisdiction is 'all-purpose'; it exists only 'when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State.'" *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 697–98 (7th Cir. 2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). An organization is "essentially" at home in "the state of the corporation's principal place of business and the state of its incorporation." *Id.* (citation omitted). "This is a demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425–26 (7th Cir. 2010) (citation omitted). PDT is incorporated and headquartered in Michigan—not Illinois. Illinois may not exercise general jurisdiction over PDT.

5

For Mr. Brehm and Mr. Kundert, as individuals, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Sullivan v. Bickler*, 360 F. Supp. 3d 778, 784 (N.D. Ill. 2019) (quoting *Daimler AG*, 571 U.S. at 137). Presidio acknowledges that Mr. Brehm and Mr. Kundert, respectively, reside in Wisconsin. (Compl., Dkt. No. 1, PageID.4, ¶¶ 14, 16). Illinois may not exercise general jurisdiction over Mr. Brehm and Mr. Kundert.

### B. PDT, Mr. Brehm, and Mr. Kundert are not subject to specific jurisdiction in Illinois.

"The ultimate constitutional standard for the exercise of specific jurisdiction" asks "is it fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim?" *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (citation omitted). Courts therefore inquire "the defendant should reasonably anticipate being haled into court in the forum State." *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008) (citation omitted). "Crucially, not just any contacts will do: 'For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in *Advanced Tactical*).

This is a three-part inquiry: "specific personal jurisdiction requires that (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities;

6

and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Indiana*, 996 F.3d 812, 819 (7th Cir. 2021) (citation omitted).

### 1. PDT

Against PDT, Presidio alleges violations of the Defend Trade Secrets Act and corresponding Illinois and Wisconsin trade secrets acts (Counts I-III); tortious interference with contractual relations under Illinois law (Count V); tortious interference with business relationships or prospective economic advantage under Illinois law (Count VI); and tortious interference with contractual relations (Count VII). None of these claims establish specific jurisdiction over PDT in Illinois.

***First***, PDT has not "purposefully directed" its activities to Illinois. *See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 621 (7th Cir. 2022). PDT does regularly transact any business in Illinois. (Teipel Dec. ¶ 6). PDT has a single Illinois-based employee, Ms. Splinter, but Ms. Splinter works remotely, and she supports PDT customers based outside of Illinois. (*Id.* ¶ 8). PDT has only two Illinois-based customers, and both Illinois customers are unrelated to Presidio's lawsuit. (*Id.* ¶ 7). Put simply, PDT has not "targeted" Illinois. *See Lexington Ins. v. Hotai Ins.*, 938 F.3d 874, 880 (7th Cir. 2019) ("For personal jurisdiction to exist, '[t]he record must show that the defendants targeted the forum state.'" (citation omitted)).

***Second***, Presidio's alleged injuries do not "relate to" any of PDT's limited connections to Illinois. To exercise specific jurisdiction, "the defendant must have 'purposefully directed' its activities to the forum state, *and the litigation must relate*

7

*to those activities.*" *NBA Properties*, 46 F.4th at 621 (emphasis added). Presidio's allegations do not relate to any of PDT's minimal contacts with Illinois.

Presidio alleges that PDT violated federal and state trade secret laws. None of those claims, however, relate to any customers based in Illinois. (Compl., Dkt. No. 1, PageID.24-38 at ¶¶ 129-204). *See J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 577 (7th Cir. 2020) ("Because the defendants themselves did not acquire, disclose, or use [the plaintiff's trade secrets in Illinois, the link between the Illinois sales and their misappropriation of [the plaintiff's] trade secrets is attenuated.").

Likewise, none of Presidio's tortious interference claims against PDT "relate to" Illinois. Although Presidio generally alleges that Mr. Brehm, Mr. Kundert, and Ms. Splinter "constituted a sales team that operated through Chicago . . . and serviced customers that are located or operate in Illinois," (Compl., Dkt. No. 1, PageID.41, 43 at ¶¶ 229, 239), those allegations are contradicted by PDT's declarations. (Brehm Dec. ¶ 10; Kundert Dec. ¶ 10). Presidio does not identify any tortious conduct that allegedly occurred in Illinois. Nothing in Presidio's tortious interference allegations against PDT relates to Illinois or any Illinois-based customers. (*See generally*, Complaint, Dkt. No. 1).

***Third***, because PDT is a nonresident corporation without any significant connection to Illinois, it would offend traditional notions of fair play and substantial justice to subject PDT to jurisdiction in this Court. *See Burger King*, 471 U.S. at 477.

## 2. Mr. Brehm and Mr. Kundert do not have the requisite minimum contacts with Illinois.

Illinois likewise cannot exercise specific jurisdiction over Mr. Brehm and Mr. Kundert. Against Mr. Brehm and Mr. Kundert, Presidio's complaint alleges violations of the Defend Trade Secrets Act and corresponding Illinois and Wisconsin trade secrets acts (Counts I-III); breach of contract (Count IV); tortious interference with business relationships or prospective economic advantage under Illinois law (Count VI); tortious interference with contractual relations under Wisconsin law (Count VII); breach of fiduciary duty under Illinois law (Count VIII); and breach of fiduciary duty under Wisconsin law (Count IX). (*See generally* Compl., Dkt. No. 1).

*First*, neither Mr. Brehm nor Mr. Kundert have purposefully directed their activities toward Illinois or purposely availed themselves of transacting business in Illinois. *See Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) ("Personal jurisdiction in breach-of-contract actions often turns on whether the defendant 'purposefully availed' himself of the privilege of conducting business or engaging in a transaction in the forum state . . . where . . . the plaintiff's claims are for intentional torts, the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state." (citations omitted)).

Mr. Brehm and Mr. Kundert both reside in Wisconsin. Neither work for any Illinois-based customers. (Brehm Dec. ¶¶ 6-7; Kundert Dec. ¶ 7). Neither solicit or prospect business in Illinois. (Brehm Dec. ¶ 10; Kundert Dec. ¶ 7). Further, the contracts at issue in Presidio's breach-of-contract claims are not governed by Illinois law (see Ex. D (Brehm Agreement) and E (Kundert Agreement), nor does Presidio

allege that these contracts were formed in Illinois. (Compl., Dkt. No. 1, PageID.38-41 at ¶¶ 205-224).

**Second**, none of Presidio's allegations against Mr. Brehm nor Mr. Kundert relates to any of their contacts with Illinois. *See NBA Properties*, 46 F.4th at 621.

Presidio's breach-of-contract claims against Mr. Brehm and Mr. Kundert have no connection to Illinois. (Compl., Dkt. No. 1, PageID.38-41 at ¶¶ 205-224). Nor could Presidio's breach-of-contract allegations relate to Mr. Brehm and Mr. Kundert. Mr. Brehm and Mr. Kundert both live and work in Wisconsin, and neither of them has any customers who are located in Illinois.

Presidio's trade secrets and business tort claims against Mr. Brehm and Mr. Kundert likewise have no connection to Illinois. Mr. Brehm and Mr. Kundert reside in Wisconsin and neither of them supports any customers who are based in Illinois. In fact, neither Mr. Brehm nor Mr. Kundert have ever solicited or prospected any business in Illinois.

At most, Mr. Kundert has made one trip to Illinois for a PDT meeting held in centrally located Chicago. But this PDT meeting has no relation to any of the allegations against Mr. Brehm and Mr. Kundert in Presidio's complaint. In any event, merely traveling to Illinois for business is insufficient. *See Aon plc v. Infinite Equity, Inc.*, No. 19-CV-07504, 2021 WL 4034068, at *9 (N.D. Ill. Sept. 3, 2021) (holding that the plaintiff's "allegations that [the individual defendants] 'traveled to Illinois for business' are not enough to establish personal jurisdiction" (citation omitted));

10

**Third**, because Mr. Brehm and Mr. Kundert are not Illinois residents and because they do not have any significant connections to Illinois, it would offend traditional notions of fair play and substantial justice to subject Mr. Brehm and Mr. Kundert to jurisdiction in this Court. *See Burger King*, 471 U.S. at 477.

## Conclusion

Illinois does not have personal jurisdiction over PDT, Mr. Brehm, and Mr. Kundert. This Court should dismiss Presidio's claims against these three defendants under Federal Rule of Civil Procedure 12(b)(2).


MILLER JOHNSON
Attorneys for Defendants


Dated:  April 25, 2024          By ___/s/ D. Andrew Portinga_____
                                     D. Andrew Portinga (P55804)
                                     James R. Peterson (P43102)
                                Business Address:
                                     45 Ottawa Avenue SW, Suite 1100
                                     Grand Rapids, Michigan  49503
                                Telephone:  (616) 831-1700
                                     portingaa@millerjohnson.com
                                     petersonj@millerjohnson.com

MJ_DMS 37660876v1