IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRESIDIO HOLDINGS INC., PRESIDIO NETWORKED SOLUTIONS LLC, AND PRESIDIO NETWORKED SOLUTIONS GROUP, LLC, <br><br>Plaintiffs,<br><br>v.<br><br>PEOPLE DRIVEN TECHNOLOGY, INC., PAUL BREHM, STEVEN KUNDERT, AND ANGELA SPLINTER,<br><br>Defendants. | Case No. 1:24-cv-2912 |

**Defendants' Motion to Compel Plaintiffs to Provide
Unredacted Preliminary Injunction Filings**

Local Rule 26.2(e) provides: "Any sealed document served on any other party . . . must be a complete version, without redactions made to create the public-record version unless otherwise ordered for good cause shown." Despite this rule, Plaintiffs refuse to provide Defendants complete and unredacted copies of Plaintiffs' preliminary injunction filings. Plaintiffs have not and cannot show "good cause" for withholding the complete and unredacted filings from Defendants. This Court should compel Plaintiffs to provide to Defendants unsealed and unredacted filings.

Plaintiffs state that they will only provide unredacted filings if defense counsel agrees to "attorneys-eyes-only" treatment of the filings. (*See* Emails, Dkt. 43-1). But Defendants are entitled to know the allegations against them, and Defendants' counsel must be able to discuss the allegations and the evidence with the defendants. Plaintiffs' insistence that unredacted filings be provided only on an "attorneys-eyes-only" basis hampers Defendants' ability to defend themselves.

Plaintiffs redact two categories of information: (1) customer names, and (2) file names of files that Plaintiffs allege were deleted from Mr. Kundert's and Ms. Splinter's computers. (*See* Mem. Dkt. No. 26; Dykhoff Dec., Dkt. No. 33; Barnett Dec., Dkt. No. 29, PageID.294; Scatton Dec., Dkt No. 35, PageID.631). There is no basis for withholding any of this information from the defendants.

First, the individual defendants already know which customers they worked with at Presidio, so it is unclear why Plaintiffs insist that this information be provided on an "attorneys-eyes-only" basis. Second, Presidio advertises its relationship with

1

some of its customers—including Purdue University[1] and the University of Wisconsin[2]—so this information should not be treated as "attorneys-eyes-only," let alone confidential. Third, the customer names redacted in the injunction motion are presumably the same names that Plaintiffs redacted in their complaint. Plaintiffs did serve the unredacted complaint on Defendants, per Local Rule 26.2(e), without any "attorneys-eyes-only" restriction. Why would the injunction motion be treated differently?

As for the file names, Plaintiffs provide no justification for withholding the *names* of allegedly deleted files from Defendants. Plaintiffs do not claim that the file names are trade secrets, nor could they, and they have offered no explanation for why such file names would be treated as "attorneys-eyes-only."

Nor is it reasonable to restrict the unredacted versions to some, but not all of the defendants. Defense counsel needs to be able to discuss with defendants the content of the evidence that Plaintiffs intend to present against them. Any other arrangement would deprive defendants of due process.

---

[1] Presidio and Purdue Partner to Create Virtual IT Help Desk Solution, https://www.presidio.com/client-stories/#thegem-portfolio-7 (last accessed May 1, 2024).

[2] https://www.presidio.com/industries/public-sector/contract-vehicle/#info (listing Wisconsin University of Wisconsin System Contract 21-2769) (last visited May 1, 2024).

The Court should compel Plaintiffs to comply with Local Rule 26.2(e) and provide to each party in this litigation complete and unredacted copies of all of their filings.[3] Anything less would handicap Defendants' defense in this action.

                                        MILLER JOHNSON
                                        Attorneys for Defendants

Dated: May 1, 2024              By   /s/ D. Andrew Portinga
                                        D. Andrew Portinga (P55804)
                                        James R. Peterson (P43102)
                                    Business Address:
                                        45 Ottawa Avenue SW, Suite 1100
                                        Grand Rapids, Michigan 49503
                                    Telephone: (616) 831-1700
                                        portingaa@millerjohnson.com
                                        petersonj@millerjohnson.com

---

[3] This Court lacks personal jurisdiction over Defendants PDT, Brehm, and Kundert because they lack the requisite minimum contacts with Illinois. (*See* Dkt. Nos. 16, 17). By bringing this motion, these three defendants do not waive their personal jurisdiction defense; they seek only to protect their interests in response to Plaintiffs' request for emergent relief and expedited discovery. *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex*, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (holding that requesting a continuance of a preliminary injunction motion did "not come close" to waiving a personal jurisdiction defense and that, to waive, "a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking" (citation omitted)).

MJ_DMS 37683576v5 49530-10